# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| GARY LEE DIESING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case Number: 4:15-cv-00148-JHE |
| | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION[1]

Plaintiff Gary Lee Diesing ("Diesing") seeks review, pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act, of a final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his application for Supplemental Security Income ("SSI").  (Doc. 1).  Diesing timely pursued and exhausted his administrative remedies.  This case is therefore ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3). The undersigned has carefully considered the record and, for the reasons stated below, the Commissioner's decision is **AFFIRMED**.

### I. Factual and Procedural History

Diesing filed his application for SSI on December 23, 2011, which the Agency initially denied.  (Tr. 12, 52, 62, 112).  Diesing alleges he is disabled because of chronic obstructive pulmonary disease ("COPD") and high blood pressure.  (Tr. 116).  Diesing has been represented

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment.  (Doc. 11).

by the firm of Pitts and Zanaty since at least March 8, 2012, and Diesing[2] requested a hearing on or around March 9, 2012. (Tr. 24, 60-61, 69). On February 12, 2013, the ALJ issued a hearing notice, scheduling the hearing for April 10, 2013, at the Federal Building in Gadsden, Alabama (Tr. 70). On March 26, 2013, Diesing's attorney, R.D. Pitts, informed the ALJ that Diesing was "currently at the Etowah County Jail and probably will not be released before his court date." (Tr. 104). The letter specified: "We respectfully ask that [Diesing] be allowed to attend the hearing by telephone conference." (*Id.*). During the April 10, 2013 hearing, Diesing appeared via telephone. (Tr. 27). His counsel was given the opportunity to question Diesing and cross-examine the vocational expert. (Tr. 34-37, 39).

After the hearing, the Administrative Law Judge ("ALJ") denied Diesing's claim on June 18, 2013. (Tr. 20). Diesing was a fifty-one year old male at the time of the ALJ's decision. (Tr. 19). Diesing has a limited education and no relevant work experience. (*Id*).

Diesing sought review by the Appeals Council, but it declined his request on November 21, 2014. (Tr. 1-4). On that date, the ALJ's decision became the final decision of the Commissioner. On January 26, 2015, Diesing initiated this action. (*See* doc. 1).

## II. Standard of Review[3]

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this Court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*,

---

[2] Diesing is no longer represented by Pitts & Zanaty. He is currently represented by Ralph K. Strawn, Jr. of Strawn & Robertson, LLC.

[3] In general, the legal standards applied are the same whether a claimant seeks Disability Insurance Benefits ("DIB") or SSI. However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations for statutes or regulations found in quoted court decisions.

402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This Court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.*

This Court must uphold factual findings supported by substantial evidence. However, it reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining the proper legal analysis has been conducted, it must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

### III. Statutory and Regulatory Framework

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[4] The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish entitlement to disability benefits, a claimant must provide evidence of a "physical or mental impairment" which "must result from anatomical, physiological, or psychological

---

[4] The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499.

abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;
(2) whether the claimant has a severe impairment;
(3) whether the claimant's impairment meets or equals an impairment listed by the [Commissioner];
(4) whether the claimant can perform his or her past work; and
(5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to the formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job." *Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show such work exists in the national economy in significant numbers. *Id.*

### IV. Findings of the Administrative Law Judge

After consideration of the entire record and application of the sequential evaluation process, the ALJ made the following findings:

At Step One, the ALJ found Diesing had not engaged in substantial gainful activity since December 23, 2011, the application date. (Tr. 14). At Step Two, the ALJ found Diesing had the following severe impairments: chronic obstructive pulmonary disease ("COPD"), hypertension,

4

and lumbago with right lower extremity pain.  (*Id.*).  At Step Three, the ALJ found Diesing did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 15).

Before proceeding to Step Four, the ALJ determined Diesing's residual functioning capacity ("RFC"), which is the most a claimant can do despite his impairments. *See* 20 C.F.R. § 404.1545(a)(1).  The ALJ determined that Diesing has the RFC to perform light work as defined in 20 C.F.R. § 416.967(b) except that he is limited to occasional climbing; he is precluded from climbing ladders/ropes/scaffolds; he is limited to occasional crawling and crouching; he should avoid concentrated exposure to extreme heat, extreme cold, wetness, humidity, and pulmonary irritants; and he is precluded from working around unprotected heights.     (Tr. 16).

At Step Four, the ALJ determined Diesing had no past relevant work.  (Tr. 18).  At Step Five, the ALJ determined, based on Diesing's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy Diesing could perform.   (Tr. 19).  Therefore, the ALJ determined Diesing has not been under a disability and denied Diesing's claim.  (Tr. 20).

## V. Analysis

Although the court may only reverse a finding of the Commissioner if it is not supported by substantial evidence or because improper legal standards were applied, "[t]his does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)). The court, however, "abstains from reweighing the evidence or substituting its own judgment for that of the [Commissioner]." *Id.* (citation omitted).

Here, substantial evidence supports the ALJ's determination Diesing failed to demonstrate a disability, and the ALJ applied the proper standards to reach this conclusion. Diesing neither disputes there is substantial evidence to support the ALJ's decision nor contends the ALJ failed to apply the correct legal standards when making his disability determination. (*See* doc. 14). Instead, Diesing takes issue with his hearing being held via telephone. (*See id.* and doc. 17).

### A. The ALJ Complied With Proper Legal Standards and Provided Due Process When He Permitted Diesing to Appear at his Hearing Via Telephone

Although Diesing's attorney requested a "hearing by telephone conference" because Diesing was incarcerated at Etowah County Jail, (tr. 104), Diesing's sole argument is that the ALJ failed to develop a full and fair hearing and record because Diesing appeared telephonically. (Doc. 14 at 7-11). This argument fails. Diesing has not shown any legal error or how this resulted in a due process violation. To the contrary, the Social Security Act and its regulations provide that an ALJ is permitted to allow a claimant to appear by telephone, particularly if the claimant is incarcerated. Specifically, the regulations permit an ALJ to allow a claimant to appear by telephone when:

> (i) An appearance in person is not possible, such as if you are incarcerated, the facility will not allow a hearing to be held at the facility, *and video teleconferencing is not available*; or
>
> (ii) The administrative law judge determines, either on his or her own, or at your request or at the request of any other party to the hearing, that extraordinary circumstances prevent you or another party to the hearing from appearing at the hearing in person *or by video teleconferencing*.

20 C.F.R. §404.936(c)(1)(i)-(ii) (emphasis added).

Despite Diesing being incarcerated at the time of the hearing and his attorney specifically requesting the hearing be held via telephone, Diesing now argues "the buck stops with the ALJ

6

to decide whether the claimant's request for a disability hearing by telephone should be allowed." (Doc. 17 at 2-3). Here, Diesing's attorney specifically requested the hearing be held by phone and explained Diesing would not be out of Etowah County Jail to attend in person. (Tr. 104). Based on the request, it is reasonable to assume the ALJ determined the extraordinary circumstances required by subsection (c)(1)(ii) existed and that in person or video conferencing was not available. To the extent Diesing argues it was error for the ALJ not to make this express finding on the record, the regulations place no such burden on the ALJ. To the contrary, 20 C.F.R. § 404.936(d) provides a means to objecting to appearance by video teleconferencing and subsection (e) provides requirements for objecting to the time or place of the hearing. *See e.g. Pittman v. Colvin*, 3:12-cv-51-CDL, 2013 WL 4539674 (M.D. Ga. Aug. 27, 2013) (discussing 20 C.F.R. §404.936(e)). The regulatory structure places the burden on the claimant to raise such objections.

Furthermore, Diesing offers no evidence he received anything less than a full and fair hearing. During the hearing Diesing was represented by counsel, who was given the opportunity to fully question Diesing and to cross-examine the vocational expert. (Tr. 6, 34-37, 39). Neither Diesing nor his counsel raised objections about the telephone appearance to either the ALJ or the Appeals Council. (Tr. 6, 27-39). Because "the fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner," *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976), Diesing has not established that his appearance by telephone, which was at his attorney's request and while he was represented by counsel during the proceeding, violated his right to due process.

## VI. Conclusion

For the reasons set forth herein, and upon careful consideration of the administrative

record and memoranda of the parties, the decision of the Commissioner of Social Security denying Diesing's claim for SSI is **AFFIRMED** and this action **DISMISSED WITH PREJUDICE.**

DONE this 15th day of March 2016.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE